In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-185 CR


____________________



WINSTON ROBINSON III, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Court Cause No. 77001






MEMORANDUM OPINION


 Winston Robinson III filed a motion for post-conviction DNA testing. The trial
court denied the motion and Robinson filed this appeal. Robinson argues the trial court
erred in denying his request for court-appointed counsel. Article 64.01(c) of the Code of
Criminal Procedure provides as follows:

 A convicted person is entitled to counsel during a proceeding under this
chapter. The convicting court shall appoint counsel for the convicted person
if the person informs the court that the person wishes to submit a motion
under this chapter, the court finds reasonable grounds for a motion to be
filed, and the court determines that the person is indigent . . . .


Tex. Code Crim. Proc. Ann. art. 64.01(c) (Vernon Supp. 2005). Robinson informed the
court in his pro se pleading he was indigent and he wished to submit a motion under
Chapter 64. Robinson asked for appointment of counsel. His pro se motion states he was
convicted of aggravated sexual assault and biological evidence was obtained in relation to
the offense. The motion says the evidence was not DNA tested; his "unsworn affidavit"
says the evidence was "purportedly tested." The record does not reveal the trial court
appointed trial counsel. 

 Article 64.02 provides that on receipt of the motion, the convicting court shall:

 (1) provide the attorney representing the state with a copy of the motion; and

 (2) require the attorney representing the state to:

 (A) deliver the evidence to the court, along with a description of the
condition of the evidence; or

 (B) explain in writing to the court why the state cannot deliver the
evidence to the court.


Tex. Code Crim. Proc. Ann. art. 64.02 (Vernon Supp. 2005). If the evidence is not
delivered, the State must provide the court a written explanation for the failure to produce
the evidence. Here, the record contains a letter of explanation from the assistant criminal
district attorney to the trial court. The contents are set out below:




 March 24, 2004


 Criminal District Court

 ATTN: Renee

 RE: State of Texas vs Winston Robinson

 Cause No. 77001 


 It appears that the District Attorney's Office filed notice of intent to
destroy evidence on October 7, 2002 in the above-referenced case. There
was no objection filed to that motion. See copy enclosed.

 The defendant in this cause entered a plea of guilty supported by a
confession and therefore cannot meet the threshold requirements of a post-conviction DNA testing motion.[ (1)] 


The document enclosed with the letter, and labeled cause no. 77001, states as follows: 

NOTICE OF INTENT TO DESTROY EVIDENCE


 On this the 7 day of October 2002 the undersigned Assistant Criminal
District Attorney, at the conclusion of the proceedings in the above-captioned and numbered cause on the foregoing date hereby certifies that
written notice has been given to (1) the defendant, (2) the defendant's
counsel of record, and (3) the convicting court, by hand delivery of a copy
of this Notice of Intent to Destroy Evidence to the foregoing individuals and
court, of the intent of the State of Texas to destroy any and all evidence,
which may be in the possession of the attorney representing the State of
Texas or a clerk or any other person possessing said evidence in the above-captioned and numbered cause, at any time after the expiration of ninety-one
days from the foregoing date. 


The Notice is signed by an assistant criminal district attorney. 

 The trial court's order, set out below, specifies the reason for denying Robinson's
motion for DNA testing and, implicitly, for not appointing counsel: 

 On this the 31st day of March, 2004, after considering the Defendant's
motion for DNA testing, at the time of sentencing the State filed notice of
intent to destroy evidence and there has been no objection filed on that
motion, so therefore it is the decision of the Court that the request for DNA
testing be denied. 

 The clerk is ordered to send a copy of this order to the Petitioner and
file the original in the Court's file.

 Entered this the 31st day of March, 2004. 


Based on the "Notice of Intent to Destroy Evidence" and the lack of any objection to that
Notice, the trial judge apparently concluded the evidence does not exist. Obviously if no
biological evidence exists, there would be no reasonable grounds for DNA testing and no
necessity for appointment of counsel. See Tex. Code Crim. Proc. Ann. arts. 64.01,
64.03(a)(1)(A)(i) (Vernon Supp. 2005). 

 A Texas statute provides that "evidence containing biological material" may be
destroyed only if proper notification by mail is given and a written objection is not
received by the attorney, clerk, or officer from the defendant, attorney of record, or court
"before the 91st day after the later of the following dates: (1) the date on which the attorney
representing the state, clerk, or other officer receives proof that the defendant received
notice of the planned destruction of evidence; or (2) the date on which notice of the
planned destruction of evidence is mailed to the last attorney of record for the defendant." 
See Tex. Code Crim. Proc. Ann. art. 38.39 (Vernon Supp. 2005). The letter from the
assistant district attorney says "[i]t appears" the District Attorney's office filed the notice. 
The "Notice of Intent to Destroy Evidence" here does not necessarily establish the
evidence no longer exists; the Notice evidences an intent at some point to destroy the
evidence. 

 The statute requires appointment of counsel if the trial court finds reasonable
grounds for a motion for DNA testing to be filed. See Tex. Code Crim. Proc. Ann. art.
64.01(c) (Vernon Supp. 2005). Here, the order, in effect, finds no reasonable grounds and
no need to appoint counsel, because the trial court concluded there is no evidence to test. 
The State's response nowhere states the evidence was destroyed. In its brief on appeal,
the State says "it is in agreement that the appeal be abated and the case remanded to the
convicting court for a determination of whether Appellant is indigent and whether
reasonable grounds for a Motion for Post-Conviction DNA Testing exists pursuant to law." 
Issue one is therefore sustained. We need not address the second issue, as the first is
dispositive of this appeal. We reverse and remand for further proceedings pursuant to the
statute. 



 REVERSED AND REMANDED.

 ___________________________________

 DAVID GAULTNEY

 Justice


Submitted on January 31, 2005

Opinion Delivered February 9, 2005

Do Not Publish


Before McKeithen, Gaultney, and Horton, JJ.



1. Article 64.03(b) provides that "[a] convicted person who pleaded guilty or nolo
contendere in the case may submit a motion under this chapter, and the convicting court
is prohibited from finding that identity was not an issue in the case solely on the basis of
that plea." Tex. Code Crim. Proc. Ann. art. 64.03(b) (Vernon Supp. 2005). No
"confession" or other evidence indicating that identity was not an issue in the case is
contained in the record.